IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMBER RESOURCES COMPANY., et al.,

Plaintiffs,

THE UNITED STATES,

Defendant.

ANADARKO E&P COMPANY, L.P., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

NYCAL OFFSHORE DEVELOPMENT CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Nos. 02-30C
04-1822C
05-249C (Consolidated)
(Senior Judge Eric G. Bruggink)

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT OF ANADARKO E&P COMPANY AND DEVON ENERGY PRODUCTION COMPANY FILED IN NO. 04-1822C**

For its answer to the complaint filed in Case No. 04-1822C, defendant, the United States, admits, denies, and avers as follows:

1. The allegations contained in the first paragraph comprise conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the leases, statute, and precedent cited, which are the best evidence of their contents; otherwise, denies.

2. The allegations contained in the second paragraph comprise conclusions of law to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the leases, statute, and precedent cited, which are the best evidence of their contents; otherwise, denies.

3. The allegations contained in the third paragraph comprise plaintiffs' characterization of their case to which no response is required; to the extent this paragraph contains allegations of fact, denies.

4. Denies the first, second, third, and fourth sentences of paragraph 4. The allegations contained in the fifth sentence of paragraph 4 comprise plaintiffs' characterization of their case to which no response is required; to the extent the fifth sentence of paragraph 4 contains allegations of fact, denies.

5. Denies the allegations in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Denies the allegations in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. The allegations contained in paragraph 7 comprise conclusions of law to which no response is required.

8. The allegations contained in paragraph 8 comprise conclusions of law to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the statute cited, which is the best evidence of its contents; otherwise, denies.

9. The allegations contained in paragraph 9 comprise conclusions of law to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the statute cited, which is the best evidence of its contents; otherwise, denies.

10. Admits.

11. Admits.

12. The allegations contained in the first and second paragraphs of paragraph 12 comprise conclusions of law to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the statutes cited, which are the best evidence of their contents; otherwise, denies. Admits the allegations in the third sentence of paragraph 12.

13. The allegations contained in paragraph 13 comprise conclusions of law to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the statute cited, which is the best evidence of its contents; otherwise, denies.

14. The allegations contained in paragraph 14 comprise conclusions of law to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the statutes cited in previous paragraphs, which are the best evidence of their contents; otherwise, denies.

15. The allegations contained in paragraph 15 comprise conclusions of law to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the statutes cited, which are the best evidence of their contents; otherwise, denies.

16. The allegations contained in paragraph 16 comprise conclusions of law to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the leases and all incorporated statutes and regulations, which are the best evidence of their contents; otherwise, denies.

17. The allegations contained in the first sentence of paragraph 17 comprise conclusions of law and plaintiffs' characterization of their case to which no response is required. Denies the allegations contained in the second sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third sentence of paragraph 17 comprise conclusions of law to which no response is require; to the extent this sentence contains allegations of fact, admits to the extent supported by the leases and all incorporated statutes and regulations, which are the best evidence of their contents; otherwise, denies.

18. The allegations contained in paragraph 18 comprise conclusions of law to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the leases and all incorporated statutes and regulations, which are the best evidence of their contents; otherwise, denies.

19. The allegations contained in paragraph 19 comprise conclusions of law to which no response is required; to the extent this paragraph contains allegations of fact, admits to the

extent supported by the leases and all incorporated statutes and regulations, which are the best evidence of their contents; otherwise, denies.

20. The allegations contained in paragraph 20 comprise conclusions of law to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the leases and all incorporated statutes and regulations, which are the best evidence of their contents; otherwise, denies.

21. The allegations contained in paragraph 21 comprise conclusions of law to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the leases and all incorporated statutes and regulations, which are the best evidence of their contents; otherwise, denies.

22. The allegations contained in paragraph 22 comprise conclusions of law to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the leases and all incorporated statutes and regulations, which are the best evidence of their contents; otherwise, denies.

23. The allegations contained in paragraph 23 comprise conclusions of law to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the statute cited, which is the best evidence of its contents; otherwise, denies.

24. The allegations contained in paragraph 24 comprise conclusions of law to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the statute and legislative history cited, which are the best evidence of their contents; otherwise, denies.

25. The allegations contained in paragraph 25 comprise conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the leases cited, which are the best evidence of their contents; otherwise, denies. Avers that Lease OCS-P 0462 expired by its terms on August 16, 1999.

26. The allegations contained in paragraph 26 comprise conclusions of law to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the leases cited, which are the best evidence of their contents; otherwise, denies.

27. The allegations contained in paragraph 27 comprise conclusions of law to which no response is required; to the extent this paragraph contains allegations of fact, admits to the extent supported by the leases cited, which are the best evidence of their contents; otherwise, denies.

28. Admits the allegations contained in paragraph 28 to the extent supported by the leases cited, which are the best evidence of their contents; otherwise, denies.

29. Admits the allegations contained in paragraph 29 to the extent supported by the unidentified documents supporting such allegations, which are the best evidence of their contents; otherwise, denies. *See* Defendant's Response To Plaintiffs' Proposed Findings Of Uncontroverted Fact, filed October 15, 2004.

30. Admits the first and second sentences of paragraph 30. Admits the allegations contained in the third, fourth, and fifth sentences of paragraph 30 to the extent supported by the lease quoted, which is the best evidence of its contents; otherwise, denies.

31. The first sentence of paragraph 31 comprises conclusions of law to which no response is required; to the extent this sentence contains allegations of fact, admits to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise, denies. Admits the allegations contained in the second, third, and fourth sentences of paragraph 31. The fifth sentence of paragraph 31 comprises plaintiffs' characterization of their case to which no response is required; to the extent the fifth sentence of paragraph 31 contains allegations of fact, denies for lack of knowledge or information sufficient to form a belief as to their truth.

32. Admits the allegations contained in the first, second, and third sentences of paragraph 32. Admits the allegations contained in the fourth and fifth sentences of paragraph 32 to the extent supported by the unidentified document quoted, which is the best evidence of its contents; otherwise, denies. Admits the allegations contained in the sixth sentence of paragraph 32.

33. The allegations contained paragraph 33 comprise plaintiffs' characterization of their case to which no response is required; to the extent paragraph 33 contains allegations of fact, admits to the extent supported by the final COOGER report and unidentified document quoted, which are the best evidence of their contents; otherwise, denies. Avers that completion of the COOGER study ultimately consumed more time than the Minerals Management Service ("MMS") originally anticipated.

34. The allegations contained paragraph 34 comprise plaintiffs' characterization of their case to which no response is required; to the extent the first sentence of paragraph 34 contains allegations of fact, admits that MMS advised the lessees that the directed suspension would terminate on August 16, 1999 and invited them to submit additional suspension requests

by May 15, 1999. Denies the allegations contained in the second sentence of paragraph 34.

35. The allegations contained paragraph 35 comprise plaintiffs' characterization of their case to which no response is required; to the extent paragraph 35 contains allegations of fact, admits the allegations contained in first and second sentences of paragraph 35 to the extent supported by the lease suspensions requests cited, which are the best evidence of their contents; otherwise, denies. Admits the allegations contained in the third sentence of paragraph 35 to the extent supported by the August 13, 1999 letters cited, which are the best evidence of their contents; otherwise, denies. Denies the allegations contained in the fourth sentence of paragraph The fifth sentence of paragraph 35 further comprises conclusions of law and speculation to which no response is required; to the extent the fifth sentence of paragraph 35 contains allegations of fact, denies for lack of knowledge or information sufficient to form a belief as to their truth.

36. The allegations contained in paragraph 36 comprise conclusions of law to which no response is required; to the extent paragraph 36 contains allegations of fact, admits the allegations contained in paragraph 36 to the extent supported by the November 12, 1999 letters cited, which are the best evidence of their contents; otherwise, denies.

37. The allegations contained in paragraph 37 comprise conclusions of law to which no response is required; to the extent paragraph 37 contains allegations of fact, admits the allegations contained in paragraph 37 to the extent supported by the November 12, 1999 letters quoted, which are the best evidence of their contents; otherwise, denies.

38. The allegations contained paragraph 38 comprise plaintiffs' characterization of their case to which no response is required; to the extent paragraph 38 contains allegations of

fact, denies the allegations in paragraph 38 as grossly and materially distorting the totality of the allegations made in *California v. Norton*, and the totality and meaning of the holdings of the district court in that case, as affirmed by the United States Court of Appeals for the Ninth Circuit. Admits the allegations contained in paragraph 38 to the extent supported by the complaints filed in *California v. Norton*, No. C 99-4964 CW, (N.D. Cal.), and the published decisions at 150 F. Supp.2d 1046 (N.D. Cal. 2001), and 311 F.3d 1162 (9th Cir. 2002); otherwise, denies. Avers that in *California v. Norton*, the Ninth Circuit held, among other things, that MMS failed to comply with National Environmental Policy Act ("NEPA") in granting the November 1999 lease suspensions. Avers further that the district court in *League for Coastal Protection v. Norton*, No. C 05-00991 CW (N.D. Cal.), remanded the NEPA analysis to MMS to conduct further analysis. The district court indicated that, pursuant to NEPA, MMS is required by law to address the potential effects of future (and as yet unplanned) exploration and production at the lease suspension stage, an analysis that extends beyond the scope of NEPA review ever applied to granting mere suspensions.

39. Admits the allegations contained in paragraph 39 to the extent supported by the published decision in *California v. Norton*, 150 F. Supp.2d 1046 (N.D. Cal. 2001), which is the best evidence of its contents; otherwise, denies.

40. Admits the allegations contained in paragraph 40 to the extent supported by the published decision in *California v. Norton*, 150 F. Supp.2d 1046 (N.D. Cal. 2001), which is the best evidence of its contents; otherwise, denies.

41. Admits the allegations contained in paragraph 41 to the extent supported by the unidentified documents quoted, which are the best evidence of their contents; otherwise, denies.

Avers that MMS issued directed suspensions in accordance with 30 C.F.R. § 250.110(b)(7)(1999), which was incorporated into the leases via Section 1.

42. The allegations contained in paragraph 42 comprise plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent paragraph 42 contains allegations of fact, denies that "the district court's order and MMS' instructions" required plaintiffs to cease on-shore activities regarding the leases; denies the remaining allegations contained in paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth.

43. Admits the allegations contained in the first and second sentences of paragraph 43 to the extent supported by the quoted letters, which are the best evidence of their contents; otherwise, denies. The allegations contained in the third and fourth sentences of paragraph 43 comprise plaintiffs' characterization of their case and conclusions of law to which no response is required; to the extent the third and fourth sentences of paragraph 43 contain allegations of fact, admits the allegations contained in the third and fourth sentences of paragraph 43 to the extent supported by the July 16, 2001 letters, which are the best evidence of their contents; otherwise, denies.

44. The allegations contained in paragraph 44 comprise plaintiffs' characterization of their case and conclusions of law to which no response is required; to the extent paragraph 44 contains allegations of fact, denies the allegations contained in paragraph 44 for lack of knowledge or information so as to form a belief as to the truth of what "the Lessees learned."

45. The allegations contained in paragraph 45 comprise plaintiffs' characterization of their case and conclusions of law to which no response is required; to the extent paragraph 45

contains allegations of fact, admits the allegations contained in paragraph 45 to the extent supported by the August 31, 2001 letter quoted, which is the best evidence of its contents; otherwise, denies. Further denies the substance of the allegations contained in the August 31, 2001 letter quoted, and avers that MMS issued directed suspensions in accordance with 30 C.F.R. § 250.110(b)(7)(1999), which was incorporated into the leases via Section 1.

46. Admits the allegations contained in the first sentence of paragraph 46 to the extent supported by the letter quoted, which is the best evidence of its contents; otherwise, denies. The allegations contained in the second sentence of paragraph 46 comprise plaintiffs' characterization of their case and conclusions of law to which no response is required; to the extent the second sentence of paragraph 46 contains allegations of fact, admits the allegations contained in in the second sentence of paragraph 46 to the extent supported by the September 21, 2001 letter quoted, which is the best evidence of its contents; otherwise, denies. Further denies the substance of the allegations contained in the September 21, 2001 letter quoted, and avers that MMS issued directed suspensions in accordance with 30 C.F.R. § 250.110(b)(7)(1999), which was incorporated into the leases via Section 1. Denies the allegations contained in the third sentence of paragraph 46.

47. The allegations contained in paragraph 47 are conclusions of law to which no response is required; to the extent paragraph 47 contains allegations of fact, admits the allegations contained in paragraph 47 to the extent supported by the Supreme Court decision quoted; otherwise, denies. Specifically denies that the language quoted in paragraph 47 has any application to this action whatsoever.

48. The allegations contained in paragraph 48 are conclusions of law to which no response is required; to the extent paragraph 48 contains allegations of fact, admits the allegations contained in paragraph 48 to the extent supported by the Supreme Court decision quoted; otherwise, denies. Specifically denies that the language quoted in paragraph 48 has any application to this action whatsoever.

49. The allegations contained in paragraph 49 are conclusions of law to which no response is required; to the extent the first sentence of paragraph 49 contains allegations of fact, admits that the 1990 CZMA Amendments did not constitute a repudiation of the leases. Avers that the 1990 CZMA Amendments, even as interpreted by the Ninth Circuit in *California v. Norton*, do not constitute a significant deviation from the standards and procedures for lease suspensions for which plaintiffs bargained. To the extent the second and third sentence of paragraph 49 contains allegations of fact, admits the Government did not believe, when the 1990 CZMA Amendments were enacted, that the amendments required MMS to conduct section 307(c)(1) consistency review when considering requests for lease suspensions. Denies the remaining allegations contained in the third sentence of paragraph 49 for lack of knowledge or information sufficient to form a belief as to the substance of lessees' actual beliefs.

50. The allegations contained in paragraph 50 are conclusions of law to which no response is required; to the extent paragraph 50 contains allegations of fact, denies.

51. Denies.

52. Denies.

53. Defendant's responses to paragraphs 1 through 52 are incorporated by reference and restated.

54. The allegations contained in paragraph 54 are conclusions of law to which no response is required; to the extent paragraph 54 contains allegations of fact, denies for lack of knowledge or information sufficient to form a belief as to their truth.

55. Denies.

56. Denies.

57. Denies that plaintiffs are entitled to the relief requested in the two paragraphs beginning with "WHEREFORE," or to any relief whatsoever.

58. Denies each and every allegation in the complaint not previously admitted or denied.

**FIRST AFFIRMATIVE DEFENSE**

The complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The claims asserted in the complaint are barred by reason of waiver.

**THIRD AFFIRMATIVE DEFENSE**

The claims asserted in the complaint are barred by the sovereign acts doctrine.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to judgment because they assumed the risk of any alleged losses.

**FIFTH AFFIRMATIVE DEFENSE**

Even assuming, for argument's sake, the existence of a breach, the alleged breach would not be a material breach entitling plaintiffs to restitution because plaintiffs still would be in the same position but for the alleged breach.

**SIXTH AFFIRMATIVE DEFENSE**

Even assuming, for argument's sake, the existence of a partial breach of contract, plaintiffs are entitled to no damages because plaintiffs still would be in the same position but for the alleged breach.

**SEVENTH AFFIRMATIVE DEFENSE**

Even assuming, for argument's sake, the existence of a material breach entitling plaintiffs to rescission of the leases at issue, then the United States would be entitled to recoupment, in an amount to be determined following discovery and trial, of the full value of any and all benefits plaintiffs received during the course of contract performance.

**EIGHTH AFFIRMATIVE DEFENSE**

Even assuming, for argument's sake, the existence of a material breach entitling plaintiffs to rescission of the leases at issue, and restitution of amounts paid to the United States by their predecessors-in-interest, then the United States would be entitled to recoupment, in an amount to be determined following discovery and trial, of the full value of any and all benefits that plaintiffs' predecessors-in-interest received during the course of contract performance.

**NINTH AFFIRMATIVE DEFENSE**

Even assuming, for argument's sake, the existence of a material breach entitling plaintiffs to rescission of the leases at issue, then the United States would be entitled to recoupment, in an amount to be determined following discovery and trial, of the full value of any and all diminution in the value of the leases caused by plaintiffs' actions during the course of contract performance.

**TENTH AFFIRMATIVE DEFENSE**

Even assuming, for argument's sake, the existence of a material breach entitling plaintiffs to rescission of the leases at issue, and restitution of amounts paid to the United States by their predecessors-in-interest, then the United States would be entitled to recoupment, in an amount to be determined following discovery and trial, of the full value of any and all diminution in the value of the leases caused by the actions of plaintiffs' predecessors-in-interest during the course of contract performance.

**ELEVENTH AFFIRMATIVE DEFENSE**

Even assuming, for argument's sake, the existence of a material breach entitling plaintiffs to rescission of the leases at issue, then the election of remedies doctrine would preclude plaintiffs from recovering alleged amounts expended in exploration and development of the leases in addition to restitution.

**TWELFTH AFFIRMATIVE DEFENSE**

Even assuming, for argument's sake, the existence of a material breach entitling plaintiffs to alleged amounts expended in exploration and development of the leases as reliance damages, any recovery of reliance damages may not exceed the amount of plaintiffs' contractual expectancy.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

STEPHEN C. TOSINI
ALLISON KIDD-MILLER
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 307-0164
Fax (202) 514-8640

November 30, 2005

Attorneys for Defendant